UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISABEL TUBACH,                               1:05-cv-00605-AWI-SMS-P

       Plaintiff,                **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 7)

vs.

                                       **ORDER DISMISSING ACTION**

JAQUEZ, et al.,

       Defendants.
_____/

    Plaintiff, Isabel Tubach ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On July 8, 2005, the Magistrate Judge filed Findings and Recommendation herein which were served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within thirty (30) days. To date, plaintiff has not filed objections thereto.[1]

---

[1] The United States Postal Service returned the order served on plaintiff on July 25, 2005, as undeliverable. A notation on the envelope indicated: Return to Sender - Not at this address. However, plaintiff has not notified the court of any change in address. Absent such notice, service at a party's prior address is fully effective. See Local Rule 83-182(f).

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  Even if the court were to conclude Plaintiff could proceed with this action because Plaintiff has alleged she is under imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), this action is still subject to dismissal for Plaintiff's failure to prosecute and respond to court orders.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court.@ District courts have the inherent power to control their dockets and Ain the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of

2

prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending for ten months. The court cannot manage its docket if it maintains cases in which parties do not take any action in their case.  The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigants are actually proceeding.   The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of an unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  In addition, Defendants have not yet made an appearance in this action. The fourth factor, looking to the public policy favoring disposition of cases on their merits,  has little or no weight in actions where the plaintiff lack enough of an interest to respond to court orders.  Finally, the fifth factor, requiring the court to consider less other sanctions, has little weight in this case. A court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "consideration of

3

alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262. The court warned Plaintiff that failure to pay the filing fee or file an application to proceed in forma pauperus would result in the dismissal of this action. In addition, the court has no less drastic sanction than dismissal in an action such as this one where the Plaintiff refuse to litigate her case and respond to court orders.

    Accordingly, IT IS HEREBY ORDERED that:

    1.   The Findings and Recommendations, filed July 8, 2005, are ADOPTED; and,

    2.   This action is DISMISSED.

IT IS SO ORDERED.

**Dated:   August 26, 2005**               /s/ Anthony W. Ishii
0m8i78                                      UNITED STATES DISTRICT JUDGE

4